JAMES W. STANTON, Appellant, *v.* UNITED STATES PIPE LINE COMPANY, Respondent.

*Affidavits taken without the State — form of the certificate as to the authority of the officer.*

In order that an affidavit, taken without the State of New York, may be admissible as evidence in an action brought in the State of New York it must have been taken in the foreign State before an officer authorized by its laws to take and certify the acknowledgment and proof of deeds to be recorded in such State.

Where a certificate in regard to the power and authority of an officer who had taken an affidavit in a foreign State simply described him as an acting notary public, duly qualified, and as such duly authorized by the laws of the foreign

State to take the affidavit, but there was nothing to show whether notaries in such foreign State were authorized by its laws to take and certify the acknowledgment and proof of deeds to be recorded there, such affidavit cannot be used upon a motion made in an action brought in the State of New York.

APPEAL by the plaintiff, James W. Stanton, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 28th day of December, 1894, vacating and setting aside the service upon the defendant of the summons and complaint in this action.

*John C. Hubbell,* for the appellant.

*A. C. Wade,* for the respondent.

LEWIS, J.:

The defendant is a foreign corporation, organized under the laws of the State of Pennsylvania.

The plaintiff, having a cause of action against the defendant for services rendered in the State of Pennsylvania, caused a summons and complaint to be served upon one Hugh King, who was at the time one of the defendant's directors and a resident of this State.

As the cause of action arose out of the State, the service upon King did not give the court jurisdiction of the action unless the defendant had at the time of such service property within this State. (Subd. 3, § 432, Code of Civ. Proc.)

All the evidence bearing upon the question whether the defendant in fact had property in New York was furnished by the affidavits of a Mr. Berwald and that of the plaintiff. Berwald's affidavit purported to have been made before Samuel Grumbine, a notary public in and for Crawford county, State of Pennsylvania, on the 26th day of November, 1894. The material part of his affidavit bearing upon the question is as follows:

"I am one of the directors of the defendant named in the above-entitled action. The said defendant is a corporation duly organized and existing under the laws of the State of Pennsylvania, and is, and since its organization has been, engaged in doing business in said last-mentioned State; its principal office and place of business under said laws is in the city of Bradford, county of McKean, and State of Pennsylvania. It has not, and never has had, an office or

place of business in the city of New York or State of New York. ·It does not now, and did not at the time of the attempted service of the summons and complaint herein, transact any business within the city or State of New York, neither had it then nor has it now any property, nor has it at any time had any property of any kind situate in said State of New York; that Hugh King, upon whom said attempted service was made, is one of the directors of said corporation, and is not otherwise connected with or concerned in its business, and the said Hugh King is not an officer of said company except being one of its directors as aforesaid, and he does not now, and did not at the time of said attempted service, transact any business for or on account of said defendant corporation anywhere within the State of New York. He did not at that time have, and has not now, any property of said defendant in his custody within the State of New York, and he did not then, and does not now, maintain an office for it, the said defendant corporation, anywhere in the said State of New York."

There is nothing in the case showing the day when the service upon King was made. The summons and complaint bear date March 9, 1894.

It appears in the affidavit of Mr. Wade, the defendant's counsel, used upon the hearing of the motion, that the defendant's time to answer the complaint was extended by stipulation till the 23d day of November, 1894. The service must have been made prior to that date.

Berwald's affidavit is criticised by the plaintiff's counsel. He suggests that it does not appear that Berwald in fact had any knowledge as to whether the defendant had property in the State at the time of the service upon King; that it nowhere appears in the affidavit when he became one of the defendant's directors; that for anything that appears to the contrary in the affidavit, he may have become a director months after the service of the papers on King; that the source of his information as to the property of the corporation is not stated. It is claimed that the affidavit amounts simply to the opinion of the affiant.

The affidavit of the plaintiff, on the contrary, states positively that the defendant did own property in the State at the time of the service.

The location and description of the property are given, and the sources of the plaintiff's knowledge are fully stated.

It would seem that the weight of evidence upon the question was fairly with the plaintiff.

A preliminary objection was made to the reading of Berwald's affidavit upon the ground that it was not properly certified so as to entitle it to be read. It purports to have been taken before Samuel Grumbine, a notary public in and for Crawford county, in the State of Pennsylvania. The certificate is to the effect that Grumbine, "by whom the annexed and foregoing affidavit was taken, was at the date thereof an acting notary public in and for said county, * * * duly qualified and as such duly authorized by the laws of this Commonwealth to take the same. And further, that I am acquainted with the handwriting of the said notary public, and believe the signature purporting to be his to be genuine, and that the same is executed according to the laws of Pennsylvania." The certificate was made by P. P. Moyer, clerk of the courts of Crawford county.

It is provided by section 844 of the Code of Civil Procedure that an affidavit taken in another State may be used here, provided it was taken "before an officer authorized by the laws of the State to take and certify the acknowledgment and proof of deeds to be recorded in the State."

This certificate stated that Grumbine was an acting notary, and as such was duly authorized by the laws of Pennsylvania to take the affidavit; but it failed to state that he was authorized by the laws of that State to take and certify the acknowledgment and proof of deeds to be recorded in that State, and the question is whether the certificate was in substance and effect in compliance with the requirements of said section, so as to entitle the affidavit to be used. If it follows that because Grumbine was a notary public he could take acknowledgments of deeds in that State, then the certificate was sufficient.

The duties of notaries differ in different States. The power to take acknowledgments of deeds so as to entitle them to be recorded was first conferred upon notaries in this State by chapter 360 of the Laws of 1859. Whether the Legislature of Pennsylvania has ever conferred like powers upon its notaries does not appear from the case.

All the safeguards which the Legislature has provided for the use of a substitute for common-law evidence in the administration of justice in our courts should be enforced.

Taking and certifying the acknowledgment and proof of deeds to be recorded is an important official act. Important interests are frequently involved thereby. The words quoted from section 844 were used, we think, for a purpose.. It was thought by the Legislature that it would be proper to allow an affidavit made in another State to be used here, provided it was taken before an official who had by the authority of the State appointing him, been deemed worthy to have been invested with the power to take the acknowledgment of deeds to be recorded, a very different official act from the simple administration of an oath.

A more liberal construction has been given to this provision of the Code of Civil Procedure by some of the cases than the one we are inclined to adopt.

We are of the opinion that the affidavit was not properly certified so as to entitle it to be used upon the motion.

The defendant consequently failed to make a case entitling it to the order. The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the service of the summons and complaint denied.

BRADLEY, WARD and DAVY, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.