## MANHEIMER v. DOSH.

(City Court of New York, General Term. December, 1901.)

AFFIDAVITS—FOREIGN—INSUFFICIENT CERTIFICATE.

Under Code Civ. Proc. § 844, stating in detail the requirements of the certificate accompanying a foreign affidavit as to the genuineness of the officer's signature and his official capacity, which must be such as to entitle a deed acknowledged before him to record in the state, and Laws 1896, c. 547, § 249, subd. 5, requiring the affidavit to be made before an officer of the state authorized to take acknowledgment or proof of deeds to be recorded therein, a foreign certificate stating "that M. J. T. is a duly elected and qualified notary public in and for the said county and state aforesaid" is insufficient.

Appeal from special term.

Action by Celia Manheimer against Myrtilla V. Dosh, executrix of Lewis P. Dosh, deceased. From an order of the special term denying a motion to vacate an order theretofore made for the examination of plaintiff before trial, the plaintiff appeals. Reversed.

Argued before HASCALL, DELEHANTY, and McCARTHY, JJ.

Thompson & Maloney (William P. Maloney, of counsel), for appellant.

Samuel S. Slater (Ellis L. Aldrich, of counsel), for respondent.

HASCALL, J. The appellant urges, aside from the merits, that the order was absolutely void because based upon an affidavit which could not be used in this state. It appears that the affidavit was made in the state of Iowa, where was attached a certificate which the appellant claims is insufficient to enable the party desiring its use to read in evidence, or make any use whatever of it in this state in

the action.   He cites the case of Stanton v. Pipe Line Co., 90 Hun, 35, 35 N. Y. Supp. 629, in support of his contention.   Section 844 of the Code states in detail the requirements of the certificate of the officer which must accompany a foreign affidavit "as to his official character and the genuineness of his signature as are required to entitle a deed acknowledged before him to be recorded within the state, etc.," and the Laws of 1896 (chapter 547, § 249, subd. 5) state that the affidavit may be made before "any officer of the state authorized by the laws thereof to take the acknowledgment or proof of deeds to be recorded therein."   Under these imperative requirements it would seem that the foreign certificate, which merely states "that M. J. Tobin is a duly elected and qualified notary public in and for the said county and state aforesaid," is insufficient to uphold the contention of the respondent that the papers are without legal infirmity.  If this view be correct, it is needless for us to discuss the merits of the affidavit upon which the order for examination was granted.   We think that the order appealed from should be reversed, with costs and disbursements of the appeal, but with leave to the respondent to renew her application upon proper papers therefor.

Order reversed, with costs and disbursements, with leave to respondent to renew application upon proper papers.   All concur.